.MAGNESS *v.* MABRY.

4-8295                                   206 S. W. 2d 192

Opinion delivered December 15, 1947.

*Bates, Poe & Bates,* for appellant.

*Eric Caviness,* for appellee.

McHANEY, Justice. On March 4, 1911, W. A. Magness and John D. Magness, and their respective wives, conveyed to their father, W. M. Magness, the 40 acres of land here in controversy, they being his children by his first wife. The granting and *habendum* clauses in the deed conveyed the land "unto the said W. M. Magness and unto his heirs by his second wife and assigns." The parties agree that under this conveyance W. M. Magness took a life estate in said land with remainder in fee in his heirs by his second wife. Appellant, Opal Magness, is the only heir of W. M. Magness by his second wife who preceded him in death.

. W. M. Magness died testate on March 11, 1938. His will, which was probated April 11, 1938, gave to each of his sons William, John and appellant the sum of $1, "which shall be their respective full interest in my estate and property." All the rest of his estate he gave to Louella Magness, his daughter-in-law, being the wife of his son John, and with whom he lived during his declining years. He also designated her, Louella, as the executrix of his will and requested that she be permitted to serve as such without bond. No letters testamentary or of

administration were ever issued to her. She entered into possession of said 40-acre tract immediately after his death, claiming it as her own. She testified that W. M. Magness thought he owned the land in fee in his lifetime and that at one time he sold an acre of it, but later got it back. She rented the land, collected the rents and paid the taxes until she sold and conveyed it to Rufus Benefield on February 13, 1943, who thereafter received the rents and paid the taxes until he sold and conveyed it to the appellee, Luther Mabry, in February, 1946. In May, 1946, appellants entered into possession of the house and premises, and Mabry thereafter brought this action in ejectment to recover the possession of said land. He alleged that he and those under whom he claimed as above set out had held adverse possession thereof for more than eight years prior to the time appellants unlawfully took possession thereof and that he had acquired title thereto by such adverse possession.

The answer was a general denial and that the possession of Louella Magness, Benefield and appellant was permissive and procured in the nature of a trusteeship or as executrix and could not ripen into adverse possession. There was also a plea of fraud on the part of Louella.

Trial to a jury resulted in a verdict and judgment in favor of appellee for the possession of said property, for which the court awarded an appropriate writ to issue. This appeal followed.

Appellants' first and principal argument for a reversal of the judgment is that the court erred in refusing to direct a verdict for them because, they say, "the undisputed proof showed Louella took possession permissively as executrix and never closed the estate nor secured a vesting order nor distributed it," and, therefore held as executrix until she sold to Benefield. In the first place, counsel for appellants did not ask for a directed verdict for appellants, or if so, the abstract does not reveal it. In the second place, we think the court properly submitted the question to the jury as to whether she took possession in her representative capacity or as owner

claiming the title in fee under the will. We cannot agree
that the undisputed evidence shows she took possession
as executrix. It does show that she is quite ignorant as
to deeds, land descriptions, wills and matters of admin-
istration of estates. On cross-examination in answer to
a question: "You claim the property under the will as
executrix?", she answered: "Yes, sir." Yet her whole
testimony, when viewed in the light of her ability and
understanding, shows that she claimed the property as
her own under the will, and not as an asset of the estate
of W. M. Magness, and, no doubt, the jury so viewed
her testimony. She had no right to possess the real
estate as administratrix, except for the purpose of paying
the debts of the testator, and there is no showing that
it was necessary for this purpose. No claims have been
filed against said estate, and no creditor has asked for a
sale of the real estate for this purpose. While she testi-
fied on cross-examination that the personal property was
not sufficient to pay the debts, she may have paid them
herself or the creditors may have abandoned their claims.
We think the court properly submitted the question of the
character of her possession to the jury, and there was
substantial evidence to support the verdict.

Another argument is that appellant Opal Magness
was induced by false representations to surrender pos-
session as tenant of his father to Louella, his sister-in-
law, and that limitations would not start to run against
him until he learned of the fraud. We think the evidence
insufficient to establish any fraud or misrepresentation
and that the court correctly told the jury in instruction
No. 12 that the sole question was whether appellee had
acquired title by adverse possession or whether appel-
lant as owner of the legal title is entitled to retain the
possession. The rights of the parties were fully pro-
tected in instruction 13, based on findings by the jury
from the testimony. The instruction is lengthy and we
do not set it out. Some criticism is made by appellants
of the latter part of the instruction in basing the seven
years' limitation as being prior to the date of the com-
mencement of the action, July 27, 1946, instead of prior
to May 15, 1946, the date of appellants' entry upon the

land, but no specific objection was made thereto in the court below, and it could make no difference in the result as the undisputed proof shows Louella took charge of the land in 1938, and the seven years would run out in 1945.

Other matters are argued, but we think they are without substantial merit. The instructions fully and fairly submitted the questions of fact to the jury and covered all instructions requested by appellants in so far as they are correct declarations of law.

Affirmed.